**Denis C. QUINN, Plaintiff,**

v.

**UNITED STATES of America and Charles Moder, Defendants and Third Party Plaintiffs,**

**Dr. Kazuo YANAGISAWA, Third Party Defendant.**

United States District Court
S. D. New York.

May 2, 1957.

O'Neill, Higgins & Latto, New York City, for plaintiff.

Paul W. Williams, New York City, by Arthur B. Kramer, New York City, of counsel, for the United States.

Garbarini & Kroll, New York City, by Sol I. Kroll, New York City, of counsel, for Dr. Yanagisawa.

EDELSTEIN, District Judge.

1. Plaintiff Denis C. Quinn has brought this suit under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671 et seq.) to recover for injuries which he alleges were caused by the negligent operation of a United States Army vehicle by one Charles Moder.

2. The incident upon which this action is based occurred at about 2:45 P. M. on September 13, 1954 in the vicinity of Twelfth Avenue and 42nd Street in.

New York City. Plaintiff was crossing Twelfth Avenue on foot in a westerly direction. He says that he was frightened and caused to fall by the approach of the Army vehicle, which was making a left turn from 42nd Street into the south bound lane of traffic on Twelfth Avenue.

3. It is conceded that the Army vehicle did not strike the plaintiff.

4. In his fall to the roadway, Mr. Quinn sustained an intertrochanteric fracture of his left femur. He was taken by ambulance to St. Clare's Hospital, where, on September 18, 1954, the fracture was reduced and set by the third party defendant Dr. Kazuo Yanagisawa.

5. The Government denies that Moder was negligent in the operation of the Army vehicle. In its third party complaint, the United States urges that even if the Court should hold otherwise, that it must have recovery over against the third party defendant, because his negligence in reducing and setting the fracture produced Mr. Quinn's permanent disability.

6. On September 13, 1954, Charles Moder was a civilian employee of the Department of the Army of the United States. He was a supply clerk, whose duties included driving. He was assigned to the United States Army Reserve Training Center at 529 West 42nd Street—between Tenth and Eleventh Avenues—in New York City.

7. Shortly before 2:45 P.M., Moder was directed to drive Sergeant Earl F. Koroser from the Reserve Training Center at 529 West 42nd Street to 90 Church Street.

8. Mr. Moder and Sergeant Koroser left 529 West 42nd Street in a 1950 Chevrolet ½ ton carry-all—a vehicle resembling a large station wagon. Moder drove and Sergeant Koroser sat alongside him in the front seat.

9. Moder drove west on 42nd Street. When he reached the corner of Twelfth Avenue, the light was red and he brought his vehicle to a stop immediately to right of the center line on 42nd Street. There were no vehicles in front of or to the left of the Army vehicle.

10. On September 13, 1954 the plaintiff Denis C. Quinn was employed as an inspector of concrete pipes by the Department of Public Works of the City of New York. Earlier in the day he had been inspecting pipe in Kenilworth, New Jersey. At about 2:00 P.M. he was driven back from Kenilworth to Manhattan by car. He got out of the car on the east side of Twelfth Avenue at 41st Street. He then started walking north along Twelfth Avenue on the east side of the street. It was his intention to walk to the Weehawken Ferry which is on the west side of Twelfth Avenue between 42nd and 43rd Streets.

11. Twelfth Avenue is a north-south avenue. In the vicinity of 42nd Street it runs underneath the West Side Elevated Highway, which is supported at regular intervals by steel pillars or stanchions. Three such supporting pillars—each about two feet wide at the base—are located on Twelfth Avenue in line with the projection of the building line on the south side of 42nd Street (Def's Ex. A). The first pillar is approximately 29 feet west of the curb on the east side of Twelfth Avenue; the second or middle pillar—which divides north and south bound traffic on Twelfth Avenue—is 66.9 feet west of the east curb; and the third pillar is 106.9 feet west of the east curb (Def's Ex. A). The pedestrian crosswalk across Twelfth Avenue on the south side of 42nd Street lies immediately to the north of these three pillars. At the crosswalk, Twelfth Avenue has a smooth asphalt surface and south of the crosswalk, that is south of these three pillars, Twelfth Avenue has a cobblestone surface.

12. Mr. Quinn crossed Twelfth Avenue walking, in an easterly direction, south of the pedestrian crosswalk. He was jay-walking. While the Army vehicle was waiting for the red light at the corner of 42nd Street, Quinn was standing in the middle of Twelfth Avenue at least 13 feet south of the middle pillar—also waiting for the light to change so

that he could continue on his way across Twelfth Avenue.

13. Mr. Moder gave a signal indicating a left-hand turn. After the light changed to green he crossed Twelfth Avenue, preparatory to making a left turn to go south on Twelfth Avenue. As he began to make his turn, a bus, headed east on 42nd Street, crossed in front of the Army vehicle. Moder either slowed down or came to a complete stop in order to permit the bus to pass.

14. When the bus had passed, the Army vehicle was approximately 40 feet north and slightly west of the second pillar referred to in Finding of Fact No. 11. Mr. Moder saw the plaintiff walking in an easterly direction 15 feet south and a few feet west of the second pillar. He continued toward the plaintiff at a speed of seven to ten miles per hour with his foot on the brake pedal.

15. When the Army vehicle was about 15 feet north of the plaintiff, he suddenly stumbled and fell backward on his left hip and elbow. At that moment, the vehicle was travelling at a speed of seven miles per hour, and was headed toward the plaintiff.

16. Mr. Moder immediately applied his brakes; he brought the vehicle to an even, steady stop. The brakes did not lock; the tires did not skid nor did the brakes make a screeching noise.

17. The vehicle came to a complete halt nine to ten feet north of the point where the plaintiff had fallen.

18. The plaintiff sustained an intertrochanteric fracture of the left femur as the result of his fall. He was carried from the place where he had fallen to a curb near the ferry slip by Mr. Moder and an unidentified pedestrian. Later he was taken by ambulance to St. Clare's Hospital.

19. At the time of this incident, Mr. Quinn was 58 years old. When he walked he dragged one of his legs. He was not too steady on his feet. Mr. Quinn had suffered from Parkinsonism for a period of approximately 20 years.

20. At the time of this incident, Mr. Moder was operating the Army vehicle in the scope of his employment as a Government employee.

## Discussion

■ The crucial issue of fact in this case is whether the plaintiff, at the time of his fall, was crossing the street in the crosswalk or not. I am satisfied from my analysis of the evidence that he was not crossing in the crosswalk. The testimony of Sergeant Koroser, a passenger in the Army vehicle, impressed me as blunt, straightforward and utterly disinterested. He indicated, that, just before the accident, the plaintiff was standing in the middle of Twelfth Avenue, facing west, about 13 feet south of the southerly crosswalk at 42nd Street. In corroboration, a police officer testified that the plaintiff had "indicated" to him, shortly after the accident, that he had fallen at a point about 10 feet south of the crosswalk. And further, the testimony of an agent of the Federal Bureau of Investigation graphically demonstrated that the plaintiff could not have seen the signal lights, as he said he had, from the point in the crosswalk where he placed himself. It is true that the official police "aided card" states the place of occurrence to be the south crosswalk of 42nd Street and 12th Avenue, but in view of the other evidence cited, I cannot credit it with precise accuracy.

## Conclusions of Law

■ 21. At the time of Mr. Quinn's accident, Mr. Moder was exercising due care in the operation of the Army vehicle; he was driving at a reasonable and lawful rate of speed, was keeping a proper look-out, had his vehicle completely under control, and yielded the right of way to the plaintiff.

22. Mr. Quinn was negligent in crossing Twelfth Avenue south of the pedestrian crosswalk at 42nd Street at a place where the roadway was surfaced with cobblestones in view of the fact that he was not too steady on his feet and was afflicted with Parkinsonism.

23. The plaintiff failed to prove by a preponderance of the evidence that the Government driver was negligent.

24. In view of these conclusions, it is not necessary for me to make any findings of fact or conclusions of law with respect to the issues raised by the third party complaint.

25. Judgment shall be entered in favor of the defendant.